PER CURIAM.
 

 Appellant, Eugenia Derespina, appeals a final order dismissing her pleadings with prejudice in her medical malpractice suit. This court has jurisdiction. Fla. R.App. P. 9.030(b)(1)(A) (2008). We affirm.
 

 In October 2005, Derespina was admitted to a hospital in the North Broward Hospital District (“NBHD”) where a doctor performed an elective total hip replacement on Derespina. After the surgery, nurses at NBHD applied an anti-embolism stocking to Derespina’s left thigh on the doctor’s orders. Derespina alleged that the stocking was too small and caused blistering and eventually scarring. She instituted a medical malpractice action against NBHD.
 

 Accompanying Derespina’s notice of intent to initiate litigation was the affidavit of her sister, a nurse with forty-six years of experience, who was also the mother of Derespina’s attorney. The affiant stated she had reviewed Derespina’s medical records and concluded the medical malpractice claim had merit.
 

 NBHD subsequently filed a motion to strike Derespina’s pleadings, claiming the affidavit failed to demonstrate that Deres-pina and her counsel had reasonably investigated the merits of the action. NBHD emphasized that the affiant was both Der-espina’s sister and the mother of Derespi-na’s attorney. NBHD thus submitted that the affiant’s bias showed the affidavit was not the product of a reasonable investigation.
 

 Following a hearing, the trial court granted NBHD’s motion to strike on account of Derespina’s failure to conduct a reasonable pre-suit investigation of her claim and dismissed the case. At this point, the statute of limitation had run. This appeal ensued.
 

 Derespina argues on appeal that the trial court erred in finding she failed to conduct a reasonable pre-suit investigation because the affidavit of her sister, a nurse, shows her medical negligence claim has merit. Florida statutory law imposes a pre-suit investigation procedure that both
 
 *1130
 
 the plaintiff and defendant must follow before a medical negligence claim may be brought in court. Ch. 766, Fla. Stat. (2008). No medical negligence action shall be filed “unless the attorney filing the action has made a
 
 reasonable investigation
 
 as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant.” § 766.104(1) (emphasis added). Counsel may show good faith by a written opinion of an expert “that there appears to be evidence of medical negligence.”
 
 Id.
 

 After completing the pre-suit investigation and prior to filing a complaint for medical negligence, the plaintiff must notify the defendant of her intent to initiate litigation. § 766.106(2). Section 766.203(2) requires that the notice be corroborated by a “verified written medical expert opinion” furnished to the defendant. § 766.203(2). If a court finds the plaintiffs notice of intent to initiate litigation does not comply with the pre-suit investigation requirements of the statute, a court
 
 shall
 
 dismiss the claim. § 766.206(2).
 

 NBHD relies on the ease of
 
 Grau v. Wells,
 
 in which a patient brought a medical malpractice suit against his doctor after plastic surgery. 795 So.2d 988, 989 (Fla. 4th DCA 2001). The defendant doctor attached the affidavit of his business partner in support of his pleadings.
 
 Id.
 
 The trial court found that because the affiant was “ ‘clearly biased,’ ” his affidavit was insufficient to show that the defendant and his counsel conducted a reasonable pre-suit investigation.
 
 Id.
 
 at 990. The trial court thus concluded that no reasonable investigation occurred and entered a default judgment in favor of the patient.
 
 Id.
 
 On appeal, this court held that the trial court was authorized to strike the defendant doctor’s pleading for failure to conduct a reasonable investigation.
 
 Id.
 
 at 991.
 

 In the present case, Derespina submitted the affidavit of her sister, who happened to be the mother of Derespina’s attorney. After an evidentiary hearing at which the sister testified, the court determined that the affiant was not unbiased, as she was the sister of the plaintiff and mother of the plaintiffs attorney. She had not billed for her time in reviewing the file, something an independent expert would have done, expecting compensation for the effort. While the sister-expert was a nurse of long-standing, she had no special expertise in the subject matter, nor was any needed. The court concluded that the plaintiff could have easily obtained a nurse without family ties to give an expert opinion in the Fort Lauderdale area, but none was ever sought. Based upon the findings of the trial court after an evidentiary hearing, the trial court’s conclusion that the investigation of malpractice conducted by the plaintiff did not constitute the
 
 reasonable
 
 investigation contemplated by the statute was not an abuse of its discretion.
 

 Affirmed.
 

 WARNER, POLEN and TAYLOR, JJ., concur.